NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0527n.06

No. 08-3411

FILED
**Jul 31, 2009**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| FREDRICK HALL, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE SOUTHERN |
| HARRY RUSSELL, Warden, | ) DISTRICT OF OHIO |
| | ) |
| Respondent-Appellee. | ) |

Before:    **CLAY** and **ROGERS**, Circuit Judges; **JORDAN**, District Judge.[*]

**LEON JORDAN**, District Judge. Petitioner Fredrick Hall appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons that follow, we affirm.

**I.**

In 1999, an Ohio jury convicted Hall of felonious assault and attempted murder. The charges pertained to the shootings of Kevin Davis and Johann Hart.

Lolita Moore and Jimmie Martin claim to have at least partially witnessed the shootings. Both were interviewed at the scene by responding Officer Stephen Fromhold. According to Moore, she and Martin told police that the shots came from a moving vehicle

---

[*] The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

containing three clean-shaven males in their early twenties. That version contradicts the testimony of the victims, both of whom identified petitioner (middle-aged, not clean-shaven, and sitting in a stationary car) as their shooter.

Although subpoenaed by both sides, neither Moore nor Martin testified at either of petitioner's trials.[1] Hall was aware of the content of Moore and Martin's potential testimony, however, because his attorney cross-examined Officer Fromhold extensively during the first trial regarding those witnesses' identities and oral statements.

Soon after Hall's conviction, defense counsel located Moore via an arrest records search. Hall then learned of Moore's claim that after the shooting both she and Martin were taken to the police station where each produced a handwritten statement.[2] The police deny the existence of those documents, or that the two witnesses were ever even taken to the station. No written statement by Moore or Martin was turned over to the defense.

Alleging in part that the purported withholding of Moore and Martin's written statements violated *Brady v. Maryland*, 373 U.S. 83 (1963), Hall moved for a new trial. That motion was denied. The Court of Appeals of Ohio subsequently affirmed the conviction, *State v. Hall*, No. C-990639, 2000 WL 1162000 (Ohio Ct. App. Aug. 18, 2000), and the Supreme Court of Ohio denied leave to appeal.

---

[1] Hall's first trial ended in a mistrial for reasons unrelated to the proof.

[2] Citing years of drug abuse, Martin is unable to recall whether he was taken to the police station that night.

Hall then filed his petition for habeas relief, continuing to allege a *Brady* violation. The district court directed the magistrate judge to conduct an evidentiary hearing on that issue. The district court subsequently adopted the magistrate judge's supplemental report and recommendation denying the habeas petition. *Hall v. Moore*, No. 1:02-CV-00034, 2008 WL 565788 (S.D. Ohio Feb. 29, 2008). A certificate of appealability was issued only with respect to the *Brady* claim.

## II.

In a habeas proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Miller v. Webb*, 385 F.3d 666, 671 (6th Cir. 2004). Further, Hall's application cannot be granted with respect to any claim adjudicated on the merits in a state court proceeding unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## III.

To establish a *Brady* violation, Hall must show: (1) that the prosecution willfully or inadvertently suppressed evidence; (2) that the evidence was favorable to him; and (3) that the evidence was material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

3

To satisfy the materiality prong, Hall must demonstrate "a reasonable probability that the suppressed evidence would have produced a different verdict." *Id.* at 281.

The state appellate court addressed and rejected the materiality element of Hall's claim.

> Based upon Moore's affidavit, we hold that her testimony would not have been exculpatory, but would have been cumulative evidence regarding the conflicting identification of the number of persons inside the Honda Accord and the identification of Hall as the driver of that vehicle. Moore was listed as a witness by the state, was subpoenaed by both parties, but was not called to testify by either party. Since Hall failed to call Moore as a witness, to seek a continuance, or to proffer Moore's expected testimony, Hall cannot claim that the discovery of this witness provided the basis for a new trial.

*State v. Hall*, 2000 WL 1162000, at *3. That decision was not based on an unreasonable determination of the facts nor was it contrary to, or an unreasonable application of, *Brady.*

Furthermore, at trial, Hall was aware of Moore and Martin's identities and the content of their potential testimony. Although the state court did not distinguish between the oral and written statements, it was nonetheless reasonable to conclude that Hall had the ability to obtain all of the information contained in the evidence he now claims was suppressed. There is no *Brady* violation where the defense knew or should have known of the exculpatory information, or where the disputed evidence was available from another source. *See Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998).

We therefore **AFFIRM** the denial of habeas relief.

4